FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| EMPIRIX INC.<br>　　　　Plaintiff<br><br>v.<br><br>INFORMATION ASSET PARTNERS, LLC<br>　　　　Defendant | Civil Action No.<br>**04-12090 RWZ**<br><br>**JURY TRIAL<br>DEMANDED** |

MAGISTRATE JUDGE ___

RECEIPT # 58966
AMOUNT $150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE 9/29/04

**COMPLAINT**

**Statement of the Case**

1.  This is an action for damages and equitable relief arising out of defendant's acts of trademark infringement, false designation of origin, trademark dilution and unfair competition in violation of the laws of the United States and the Commonwealth of Massachusetts.

**Parties**

2.  Plaintiff Empirix Inc. ("Empirix") is a Delaware corporation with a principal place of business in Waltham, Massachusetts.

3.  Defendant Information Asset Partners LLC ("IAP") is a Delaware limited liability company with a principal place of business in Metuchen, New Jersey.

**Jurisdiction and Venue**

4.  This Court has subject matter jurisdiction over this pursuant to 28 U.S.C. §§ 1331, 1338, 1367, pursuant to the Lanham Trademark Act of 1946 (the "Lanham

Act"), 15 U.S.C. §§ 1114, 1121, 1125, and 1126 and under the supplemental jurisdiction of the Lanham Act.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Facts**

6. Empirix was founded in September 2000.

7. Empirix is in the business of providing testing and performance management for web and voice applications, and for the telecommunications networks over which those applications run. Empirix meets its customers' requirements through a combination of hardware, software, managed services, consulting and support.

8. Empirix has continuously used the mark EMPIRIX in interstate commerce in connection with sales of hardware, software and consulting services since September 2000.

9. Empirix has spent considerable sums in advertising and promoting its EMPIRIX products and services, which are marketed and sold throughout the United States and worldwide.

10. Empirix is the owner of Federal Trademark Registration No. 2,518,703 for the mark EMPIRIX filed with the United States Patent and Trademark Office ("USPTO") on March 31, 2000 and registered on December 11, 2001, for use in connection with "[c]omputer hardware and software for testing Internet infrastructure, web sites, applications and systems."

11. Upon information and belief, IAP was formed on April 15, 2003, which was after Empirix's first use in commerce of the EMPIRIX mark.

12. Upon information and belief, IAP filed with the USPTO on June 8, 2003 an application (serial number 780365507) to register the mark "empirix" which alleged a first use in commerce by IAP on October 1, 2002, which was after Empirix's first use in commerce of the EMPIRIX mark.

13. Upon information and belief, IAP is in the business of providing business information and data analysis and consulting services related to demographics, consumer behavior, markets, and measuring consumer demand.

14. IAP maintains a web site, www.iapartners.com, which uses the term "Empirix™" and states "Precision Marketing for the Financial Services Industry."

15. Other web sites have reported beginning in June, 2004 that IAP "a company formed in early 2003" had released a product entitled "Empirix™" that was built with U.S. Census data and other survey data and offers "predictive segmentations for marketing financial products."

16. Many of Empirix's customers and potential customers are those individuals within organizations who have marketing responsibilities and seek to quantify, for example, web site usage patterns and effectiveness. Those individuals have similar responsibilities to the potential customers that IAP targets with its services.

17. Marketing professionals are customers and potential customers of both entities and are likely to believe that IAP's services emanate from or are associated with Empirix, which they are not. Because both Empirix and IAP focus on the financial services industry the potential for confusion is particularly acute.

18. IAP's use of the term "empirix" in connection with its provision of services for use in marketing and its use of that term on the Internet at

www.iapartners.com is likely to cause confusion, mistake and deception as to the source of those products and services.

19. Actual confusion is revealed through use of Internet search engines which in response to queries on the word "empirix" provide results that include references to IAP among more numerous references to Empirix.

20. Empirix advised IAP that it objected to IAP's use of the Empirix's registered EMPIRIX mark and proposed that IAP agree to migrate to a different mark. IAP rejected that proposal and then sought to create a record that falsely characterized the parties' discussions.

21. Upon information and belief, IAP has knowingly elected to continue to use the term "empirix" despite knowledge of Empirix's registered EMPIRIX mark and of Empirix's objections to IAP's use of that term..

## COUNT I
### (Trademark Infringement Under the Lanham Act)
### 15 U.S.C. § 1114(l)

22. Empirix repeats and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

23. IAP makes unauthorized use of Empirix's EMPIRIX mark in connection with the sale, offering for sale, and advertising of goods and services in interstate commerce, including within Massachusetts.

24. IAP's unauthorized use of EMPIRIX mark constitutes trademark infringement in violation of Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l).

25. Upon information and belief, IAP's use of the EMPIRIX mark was undertaken willfully, without foundation in law and in conscious disregard of Empirix's rights.

26. Unless permanently enjoined by this Court, the actions of IAP will cause irreparable injury and damage to Empirix and its product and service mark rights, for which damage and injury there exists no adequate remedy at law.

27. As a result of IAP's infringement, Empirix is entitled to damages, costs and other remedies provided by law.

### COUNT II
### (False Designation Under the Lanham Act)
### 15 U.S.C. § 1125(a)

28. Empirix repeats and incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint.

29. IAP has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

30. IAP's unlawful acts constitute commercial use in interstate commerce.

31. IAP's acts are causing irreparable injury to Empirix for which there exists no adequate remedy at law, and will continue to do so unless IAP is permanently enjoined by this Court from using the EMPIRIX mark.

32. As a result of IAP's acts, Empirix is entitled to damages, costs and other remedies provided by law.

## COUNT III
### (Federal Trademark Dilution)
### 15 U.S.C. § 1125(c)

33. Empirix repeats and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint.

34. Empirix's EMPIRIX mark has become famous and distinctive among those familiar with web, voice and network applications through Empirix's continuous and exclusive use of that mark in connection with its products and services.

35. Empirix's EMPIRIX mark has gained a high degree of recognition, renown and goodwill as a result of the superior products and services that Empirix provides its customers.

36. IAP's use of the term "empirix" has caused and continues to cause irreparable injury to and dilution of the distinctive quality of Empirix's EMPIRIX mark in violation of 15 U.S.C. § 1125(c) and subject to damages and costs under 15 U.S.C. § 1117(a).

37. Empirix has suffered irreparable injury to its valuable and famous EMPIRIX mark and continues to be irreparably harmed.

38. Unless enjoined by this Court, IAP will continue its acts of dilution.

39. As a result of IAP's acts, Empirix is entitled to damages, costs and other remedies provided by law.

## COUNT IV
### (Common Law Trademark Infringement)

40. Empirix repeats and incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint.

41. IAP has infringed Empirix's common law EMPIRIX trade and service mark in offering products and services for sale in connection with the term "empirix."

42. IAP's infringement of Empirix's common law trade and service mark has been knowing, willful, intentional, and unauthorized by Empirix.

43. IAP's infringement of Empirix's common law trade and service mark has occurred with full knowledge and awareness of Empirix's established rights.

44. As a result of IAP's acts, Empirix is entitled to injunctive relief, damages, costs and other remedies provided by law.

### COUNT V
### (Massachusetts Trademark Dilution)
### G.L. c. 110B § 12

45. Empirix repeats and incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint.

46. Empirix's EMPIRIX mark is a valid and distinctive trade and service mark under Massachusetts law.

47. IAP has reproduced, copied and imitated Empirix's distinctive common law mark through use of the term "empirix" in connection with the distribution and sale of products and services in Massachusetts.

48. IAP's activities have diluted the distinctive quality of Empirix's mark and injured Empirix's business reputation and good will.

49. Empirix is entitled to injunctive relief under G.L. c. 110B § 12.

## COUNT VI
### (Unfair and Deceptive Acts or Practices)
### G.L. c. 93A § 11

50. Empirix repeats and incorporates by reference the allegations contained in paragraphs 1 through 49 of this Complaint.

51. Empirix and IAP are both "persons" engaged in "trade or commerce" as defined by G.L. c. 93A § 1.

52. As detailed above, IAP has engaged in unfair and deceptive acts and practices in making use of the term "empirix" in association with its products and services.

53. IAP's actions and practices constitute willful and knowing violations of G.L. c. 93A §§ 2 & 11.

54. As a result of IAP's actions and practices, Empirix has been damaged in an amount to be determined at trial.

WHEREFORE, Empirix Inc. requests that this Court

1. Enter judgment in its favor on Counts I through VI of the Complaint;

2. Order that IAP be permanently enjoined from using the mark EMPIRIX, or any similar variation, in connection with the sale of products or services;

3. Order IAP to pay monetary damages and IAP's profits to Empirix Inc. in an amount to be determined at trial;

4. Multiply the damages awarded to Empirix Inc. to the extent permitted by law;

5. Order that IAP pay Empirix Inc. for the costs of this action, including reasonable attorney's fees.

6. Award Empirix Inc. such other and further relief, as justice requires.

8

## JURY DEMAND

The Plaintiff Empirix Inc. demands a trial by jury on all claims of this Complaint that are so triable.

EMPIRIX INC.
By its attorneys,

Lawrence S. Delaney, BBO No. 557063
Julie A. Koshgarian, BBO No. 559304
DEMEO & ASSOCIATES, P.C.
One Lewis Wharf
Boston MA 02110
617-263-2600

Dated: September 29, 2004